UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marshall Austin,<br><br>   Plaintiff,<br><br>  v.<br><br>Charleston Day School ("CDS"), Emmie G. Hershey, Judith Foley Arnstein,<br><br>   Defendants. | Case No. 2:23-cv-2899-JD<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Charleston Day School ("CDS"), Emmie G. Hershey, and Judith Foley Arnstein ("Defendants"), by and through their undersigned counsel, hereby answer the Complaint as follows:

## FOR A FIRST DEFENSE

1. Each and every allegation which is not hereinafter specifically admitted, modified, or explained is hereby denied.

2. Paragraph 1 states a legal conclusion to which no response is required; however, to the extent there are factual allegations, Defendants deny the same.

3. Defendants admit the allegations of Paragraphs 2 and 3.

4. Answering Paragraph 4, Defendants admit that Plaintiff was elected to the CDS Board in June of 2021, after CDS had applied for the funds.

5. Defendants lack sufficient information to admit or deny the allegations of Paragraph 5 and, therefore, deny same and demand strict proof thereof.

6. Defendants admit the allegations of Paragraphs 6.

7. Defendants deny the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Answering Paragraph 9, Defendants admit that the Board portal was shut down for all Board members after the Defendants learned that confidential documents had been disseminated to non-authorized persons and deny all other and/or inconsistent allegations.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants lack sufficient information to admit or deny the allegations of Paragraphs 11 and 12 and, therefore, deny same and demand strict proof thereof.

12. Answering Paragraph 13, Defendants admit that Plaintiff texted Jamie Hood but deny the remaining allegations.

13. Answering Paragraph 14, Defendants admit that Francie Austin did mention the federal covid funds in her conversation with Attorney Blackburn but deny that she asserted any fraud with regard to the funds.

14. Defendants deny the allegations of Paragraph 15.

15. Defendants lack sufficient information to admit or deny the allegations of Paragraph 16 and 17 and, therefore, deny same and demand strict proof thereof.

16. Answering Paragraphs 18 and 19, Defendants refer to the email referenced therein for the statements made and deny all other and/or inconsistent allegations.

17. Answering Paragraph 20, Defendants refer to the email referenced therein for the statements made and deny all other and/or inconsistent allegations.

18. Defendants deny the allegations of Paragraphs 21 and 22.

19. Defendants lack sufficient information to admit or deny the allegations of Paragraphs 23 and, therefore, deny same and demand strict proof thereof.

20. Defendants lack sufficient information to admit or deny the allegations of Paragraph 24 and, therefore, deny same and demand strict proof thereof.

21. Answering Paragraph 25, Defendants admit that CDS hired a courier service to deliver to Plaintiff and other Board members certain papers on February 6, 2022, and deny all other and/or inconsistent allegations.

22. Defendants admit the allegations of Paragraph 26.

23. Answering Paragraph 27, Defendants refer to the letter referenced therein for the statements made and deny all other and/or inconsistent allegations.

24. Defendants admit the allegations of Paragraph 28.

25. Defendants deny the allegations of Paragraph 29.

26. Answering Paragraph 30, Defendants refer to the minutes/recording of the meeting referenced therein for the statements made and deny all other and/or inconsistent allegations.

27. Answering Paragraph 31, Defendants admit that the Board voted to go into Executive Session and that Plaintiff was excluded from that session and deny all other and/or inconsistent allegations.

28. Answering Paragraphs 32, 33 and 34, Defendants refer to the minutes/recording of the meeting referenced therein for the statements made and deny all other and/or inconsistent allegations.

29. Answering Paragraph 35, Defendants refer to the letter referenced therein for the statements made and deny all other and/or inconsistent allegations.

30. Defendants deny the allegations of Paragraph 36.

31. Answering Paragraph 37, Defendants reallege and incorporate the allegations set forth above as if fully set forth herein.

32. Paragraph 38 states a legal conclusion to which no response is required.

33. Defendants admit the allegations of Paragraph 39 as they apply to CDS and deny as to the individual Defendants.

34. Paragraphs 40, 41 and 42 state legal conclusions to which no responses are required.

35. Answering Paragraph 43, Defendants reallege and incorporate the allegations set forth above as if fully set forth herein.

36. Defendants admit the allegations of Paragraphs 44, 45, 46, 47, 48, and 49.

37. Defendants lack sufficient information to admit or deny the allegations of Paragraph 50 and, therefore, deny same and demand strict proof thereof.

38. Defendants admit the allegations of Paragraph 51.

39. Defendants deny the allegations of Paragraph 52.

40. Defendants admit the allegations of Paragraphs 53, 54, 55, 56, and 57.

41. Defendants deny the allegations of Paragraph 58 (CDS has two divisions – lower school and middle school).

42. Defendants admit the allegations of Paragraph 59.

43. Answering Paragraphs 60, 61, 62 and 63, Defendants refer to the bylaws for the terms thereof and deny all other and/or inconsistent allegations.

44. Defendants admit the allegations of Paragraph 64.

45. Defendants deny the allegations of Paragraph 65.

46. Answering the allegations of Paragraph 66, Defendants admit that Hershey was the Chair of CDS's Board during the 21-22 school year and deny all other and/or inconsistent allegations.

47. Defendants admit the allegations of Paragraph 67.

48. Defendants admit the allegations of Paragraph 68, 69 and 70.

49. Answering Paragraph 71, Defendants reallege and incorporate the allegations set forth above as if fully set forth herein.

50. Paragraphs 72, 73, 74, 75 and 76 state legal conclusions to which no responses are required.

51. Answering Paragraph 77, Defendants reallege and incorporate the allegations set forth above as if fully set forth herein.

52. Paragraphs 78, 79, 80, 81, 82, 83, and 84 state legal conclusions to which no responses are required.

53. Defendants admit the allegations of Paragraph 85.

54. Answering Paragraphs 86 and 87, Defendants refer to the documents submitted by it to apply for the funds for the terms thereof and deny all other and/or inconsistent allegations.

55. Defendants admit the allegations of Paragraphs 88, 89, and 90.

56. Answering Paragraph 91, Defendants admit that the PPP loan was forgiven and lack sufficient information to admit or deny the remaining allegations.

57. Answering Paragraph 92, Defendants admit that the SBA forgave the loan but deny that the amount forgiven was $573,732.

58. Defendants deny the allegations of Paragraph 93.

59. Answering Paragraph 94, Defendants refer to CDS's financial records for the terms thereof and deny any other and/or inconsistent allegations.

60. Defendants deny the allegations of Paragraphs 95, 96, 97, 98, 99 and 100.

61. Paragraphs 101, 102, 103, 104, 105, 106, and 107 state legal conclusions to which no responses are required.

62. Defendants admit the allegations of Paragraph 108, 109, and 110.

63. Defendants lack sufficient knowledge to admit or deny the allegations of 111 and, therefore, deny same and demand strict proof thereof.

64. Defendants admit the allegations of Paragraph 112.

65. Answering Paragraphs 113, 114, 115, 116, 117, and 118, Defendants refer to the application for the terms therein and deny all other and/or inconsistent allegations.

66. Answering Paragraph 119, Defendants admit that CDS submitted the applications and deny all other and/or inconsistent allegations.

67. Answering Paragraph 120, Defendants refer to the application for the terms therein and deny all other and/or inconsistent allegations.

68. Defendants admit the allegations of Paragraph 121 and 122.

69. Defendants lack sufficient information to admit or deny the allegations of Paragraphs 123 and 124, and, therefore, deny same and demand strict proof thereof.

70. Defendants lack sufficient information to admit or deny the allegations of Paragraphs 125, 126, 127, and 128, as written, and, therefore, deny same and demand strict proof thereof.

71. Defendants lack sufficient information to admit or the allegations of Paragraphs 129, 130, 131, and 132, and, therefore, deny same and demand strict proof thereof.

72. Defendants deny the allegations of Paragraph 133.

73. Defendants admit the allegations of Paragraphs, 134, and 135.

74. Answering Paragraph 136, Defendants admit that it requires certain financial documents from families seeking financial aid and denies all other and/or inconsistent allegations.

75. Defendants lack sufficient information to admit or deny the allegations of Paragraph 137, as stated, and, therefore, deny same and demand strict proof thereof.

76. Defendants deny the allegations of Paragraph 138.

77. Defendants lack sufficient information to admit or deny the allegations in Paragraphs 139, 140 and 141 and, therefore, deny same and demand strict proof thereof.

78. Defendants deny the allegations of Paragraphs 142, 143, 144, 145 and 146.

79. Defendants admit the allegations of Paragraphs 147, 148, 149, 150 and 151.

80. Defendants lack sufficient information to admit or deny the allegations of Paragraphs 152 and 153.

81. Defendants deny the allegations of Paragraph 154.

82. Defendants admit the allegations of Paragraph 155.

83. Answering Paragraph 156, Defendants admit that there was an operating surplus of around $700,000 but cannot confirm the exact number stated in Paragraph 156.

84. Defendants deny the allegations of Paragraph 157.

85. Defendants deny the allegations of Paragraphs 158, 159,160 and 161.

86. Defendants deny the allegations of Paragraph 162.

87. Defendants lack sufficient information to admit or deny the allegations of Paragraph 163, and, therefore, deny same and demand strict proof thereof.

88. Answering Paragraphs 164 and 165, Defendants refer to the text and email referenced and deny all other and/or inconsistent allegations.

89. Defendants admit the allegations of Paragraph 166.

90. Defendants deny the allegations of Paragraphs 167 and 168.

91. Answering Paragraph 169, Defendants refer to the email referenced for the terms thereof and deny all other and/or inconsistent allegations.

92. Paragraph 170 does not state a factual allegation, so no response is required and to the extent this is a factual statement, Defendants deny same.

93. Defendants admit the allegations of Paragraph 171.

94. Defendants deny the allegations of Paragraph 172.

95. Answering Paragraph 173, Defendants refer to the texts referenced for the terms thereof and deny all other and/or inconsistent allegations.

96. Defendants lack sufficient information to admit or deny the allegations of Paragraph 174 and, therefore, deny same and demand strict proof thereof.

97. Answering Paragraph 175, Defendants admit that Plaintiff did call their attorney and lack sufficient information to admit or deny the remaining allegations and, therefore, deny same and demand strict proof thereof.

98. Answering Paragraph 176, Defendants refer to the text referenced for the terms thereof and deny all other and/or inconsistent allegations.

99. Defendants admit the allegations of Paragraph 177.

100. Defendants lack sufficient information to admit or deny the allegations of Paragraphs 178 and 179.

101. Answering Paragraphs 180, 181 and 182, Defendants refer to the letter and packet referenced for the terms stated and documents provided and deny all other and/or inconsistent allegations.

102. Answering Paragraph 183 and 184, Defendants refer to the CDS Bylaws and the SC Nonprofit Corporation Act for the terms thereof and deny all other and/or inconsistent allegations.

103. Defendants admit the allegations of Paragraphs 185, 186, 187, 188, 189, 190, 191, and 192.

104. Defendants deny the allegations of Paragraph 193.

105. Answering Paragraph 194, 195, and 196, Defendants lack sufficient information to admit or deny the allegations and, therefore, deny same and demand strict proof thereof.

106. Answering Paragraph 197, Defendants admit that Plaintiff did contact Jamie Hood about Plaintiff's attempts to relocate his children to Mason Prep and that Mr. Hood looked into it

8

and learned that CDS was doing nothing to interfere with Plaintiff's children be accepted elsewhere and deny all other and/or inconsistent allegations.

107. Defendants lack sufficient information to deny or admit the allegations of Paragraphs 198 and 199, and, therefore, deny same and demand strict proof thereof.

108. Defendants deny the allegations of Paragraph 200.

109. Answering Paragraph 201, Defendants refer to the allegations set forth hereinabove as if fully repeated herein.

110. Defendants deny the allegations of Paragraphs 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, and 227.

111. Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief. Defendants assert the plaintiff's claim is frivolous and should be dismissed, with Defendants awarded their costs and attorneys' fees in defending this action and any such other relief as this Court deems just and proper.

**FOR A SECOND DEFENSE**

112. CDS's actions were based on legitimate factors and were not based on discriminatory, retaliatory, or other unlawful motives.

**FOR A THIRD DEFENSE**

113. At all relevant times hereto, CDS acted in good faith and did not engage in any wrongful conduct, any knowing misrepresentations, or any fraud with respect to the State of South Carolina or the United States.

**FOR A FOURTH DEFENSE**

114. Plaintiff does not have standing to bring this action.

**FOR A FIFTH DEFENSE**

115.    The government had knowledge of the facts underlying the allegedly false record and/or statement, and therefore Plaintiff's claim is barred.

**FOR A SIXTH DEFENSE**

116.    Plaintiff's claim is based on information that was voluntarily provided to the United States government and Plaintiff is not an original source.

**FOR A SEVENTH DEFENSE**

117.    To the extent Plaintiff seeks to impose individual liability under 31 U.S.C. § 3730(h), his claim is barred.

**FOR AN EIGHTH DEFENSE**

118.    CDS did not violate any provisions of laws, rules, or regulations; CDS did not present or cause to be presented any false claim, record, or statement to the United States Government.

**FOR A NINTH DEFENSE**

119.    To the extent Plaintiff has suffered any damages, Plaintiff has failed to mitigate.

**FOR A TENTH DEFENSE**

120.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

**FOR AN ELEVENTH DEFENSE**

121.    Plaintiff's claims are barred, in whole or in part, because acts or omissions of other persons or entities, whether named or unnamed in the Complaint, over whom CDS had no supervision or control and for whose actions CDS has no legal responsibility, caused or contributed to the alleged damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray this Honorable Court dismiss all claims against them, with prejudice, and award Defendants all costs and such other relief as the Court deems just and equitable including, to the extent permitted by law, attorneys' fees, and costs of defense.

> By: */s/ Alice F. Paylor*
> Alice F. Paylor, Fed. ID #3017
> Bijan K. Ghom, Fed ID #12918
> Saxton & Stump, LLC
> 151 Meeting Street, Suite 400
> Charleston, SC 29401
> (843) 414-5080
> afp@saxtonstump.com
> bkg@saxtonstump.com
>
> ATTORNEYS FOR DEFENDANTS

Charleston, SC
December 14, 2023