IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marshall Austin, | ) | Case No.: 2:23-cv-02899-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Charleston Day School ("CDS"), | ) | |
| Emmie G. Hershey, Judith Foley | ) | |
| Arnstein, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff Marshall Austin's ("Plaintiff" or "Austin") Motion to Reconsider the Court's June 25, 2025, Order granting Defendants' Motion for Summary Judgment (DE 84). (DE 90.) Defendants Charleston Day School ("CDS"), Emmie G. Hershey, and Judith Foley Arnstein (collectively, "Defendants") have filed a memorandum in opposition. (DE 92.) For the reasons set forth below, the motion is denied.

## I.     BACKGROUND

This case arises from Plaintiff's allegations that Defendants retaliated against him in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Plaintiff, a former CDS trustee and parent of three CDS students, filed suit on June 21, 2023, asserting a single claim for FCA retaliation based on his alleged efforts to investigate and curtail CDS's use of federal COVID-19 relief funds.

Defendants moved for summary judgment on September 30, 2024. (DE 48.) After full briefing, the Court entered an Order on June 25, 2025, granting Defendants'

1

motion, finding no genuine dispute of material fact as to (1) Plaintiff's alleged agency status under the FCA; (2) Defendants' notice of any protected activity; or (3) causation or pretext. (DE 84.) The Court also concluded that the FCA does not impose individual liability on supervisors in the circumstances presented here. (*Id.*)

On July 23, 2025, Plaintiff—now proceeding *pro se*[1]—filed a Motion to Reconsider the Court's summary judgment ruling pursuant to Rule 59(e). (DE 90.) Plaintiff's fifty-four-page,[2] single-spaced Motion contends that the Court "failed to consider critical evidence" related to Defendants' alleged retaliatory animus, improperly relied on "false and misleading statements," and committed "fundamental errors of fact and law" in analyzing agency, protected activity, notice, and pretext. Plaintiff further asserts that Defendants' submissions to the federal government regarding COVID-19 funding included misrepresentations that, in his view, supply evidence of motive and pretext for retaliation. (*Id.*)

Defendants filed a Memorandum in Opposition on August 6, 2025, arguing that Plaintiff's Motion is procedurally improper, violates multiple Local Rules, and does not satisfy any of the limited grounds for Rule 59(e) relief. (DE 98.) Defendants contend the Motion merely repackages arguments previously raised and rejected at summary judgment, introduces new evidence not properly part of the record, and fails

---

[1]   On December 2, 2025, the Court entered a text order granting Plaintiff counsel's Amended Consent Motion to Withdraw as Counsel. (DE 100.)

[2]   Plaintiff has also filed a Motion to Exceed Page Limits in connection with his Motion to Reconsider. (DE 89.) Although Plaintiff's motion to reconsider filing does not comply with the formatting and length requirements of Local Civil Rules 1.05 and 7.05, the Court, in its discretion, grants the Motion to Exceed Page Limits for the limited purpose of considering the motion to reconsider and without further discussion.

to identify any intervening change in controlling law, newly discovered evidence, or clear error justifying alteration of the judgment. (*Id.*) The matter is now ripe for disposition.

## II.     LEGAL STANDARD

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice*, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

### III.    DISCUSSION

Rule 59(e) permits alteration or amendment of a judgment only in three narrow circumstances. *Collison*, 34 F.3d at 236. Plaintiff's Motion satisfies none of them.

### A.    No Intervening Change in Controlling Law

Plaintiff does not identify, nor has the Court found, any intervening change in controlling law since the Court entered summary judgment. This ground, therefore, provides no basis for relief.

### B.    No New Evidence Previously Unavailable

Plaintiff next contends the Court failed to consider various categories of evidence related to CDS's COVID-19 funding, internal governance issues, the February 11, 2022, Special Meeting, and deposition testimony. But none constitutes "new evidence" within the meaning of Rule 59(e). *See Collison*, 34 F.3d at 236.

The record reflects that all such materials were available to Plaintiff during discovery and were either cited in his opposition to summary judgment or could have been. Plaintiff also attempts to introduce new materials not previously filed, including exhibits referenced only as "Ex. __," unauthenticated attachments, and placeholder citations.[3] A Rule 59(e) motion cannot be used to expand the evidentiary

---

[3]    For example, Plaintiff presents multiple new factual allegations, arguments, and exhibits involving various communications like emails and text messages. Although Plaintiff had access to these emails and text messages, they were not made a part of the record on summary judgment. These communications include: Text Messages with Arnstein and Lauren Phillips (DE 90-7) and an Invoice for Face Shields (DE 90-8), Emails with Hostetter and Cheryl Waddell (DE 90-1), Texts with Hood and Plaintiff (DE 90 at 41, 51-52; DE 90-14), Text Messages with Rutledge Young and Hershey (DE 90-18), Emails with Arnstein re Austin Contracts (DE 90 at 48; 90-24), Emails with Summer Anderson and John Hand re Plaintiff

record or raise arguments that could have been presented before judgment. *Hill*, 277 F.3d at 708. This ground does not warrant reconsideration.

**C.     No Clear Error of Law or Manifest Injustice**

Plaintiff's primary contention is that the Court erred in its evaluation of agency, protected activity, notice, and causation. None of Plaintiff's arguments demonstrates clear error or manifest injustice.

**1. Agency**

Plaintiff argues the Court misapplied common-law agency principles in concluding he was not an "employee, contractor, or agent" of CDS. The Court's summary judgment analysis reviewed Plaintiff's role as a volunteer trustee, the Board's structure, and the limitations established by the CDS Bylaws. Plaintiff identifies no misapplication of law. Reasserting disagreement with the Court's conclusions does not establish clear error. *See Collison*, 34 F.3d at 236.

**2. Protected Activity and Notice**

Plaintiff cites text messages, deposition testimony, and internal communications to argue that Defendants had notice of protected activity. The Court considered this material and found insufficient evidence that Defendants were aware Plaintiff engaged in protected conduct before the adverse actions. Plaintiff's Motion improperly seeks to reweigh the evidence and reorder factual inferences, which Rule 59(e) does not permit. *See Hill*, 277 F.3d at 708.

---

(DE 90 at 50; 90-25), Emails with Plaintiff, Alice Paylor, and Bart Daniel re Service (DE 90 at 11, 33, 43; 90-26), Emails with Jeffrey Harrison and Frances Austin re Lockdown Drills (DE 90 at 17; 90-28), Text Messages with group chat re CDS State Funding (DE 90-9).

### 3. Causation and Pretext

Plaintiff again argues that the record demonstrates retaliatory motive and pretext. The Court already concluded that Plaintiff failed to provide evidence from which a reasonable jury could find that retaliation was the but-for cause of the Board's decisions. Plaintiff's Motion merely restates the same narrative presented at summary judgment. This does not constitute clear error or manifest injustice. *See Martinez–Melgar*, 591 F.3d at 738.

### 4. Individual Liability

Plaintiff challenges the Court's conclusion that § 3730(h) does not impose individual liability on supervisors. The Court's analysis was grounded in the statutory text and applicable precedent. Plaintiff cites no intervening authority undermining that conclusion, and Rule 59(e) does not permit reconsideration based solely on dissatisfaction with a legal ruling.

### D.     Plaintiff's Motion Impermissibly Seeks to Relitigate Issues Already Decided

The overarching theme of Plaintiff's Motion is disagreement with the Court's factual assessments and legal conclusions. Such disagreement does not constitute manifest injustice. *See Martinez–Melgar*, 591 F.3d at 738. Nor may Rule 59(e) be used to restate arguments previously raised or to advance new arguments that could have been presented earlier. *See Hill*, 277 F.3d at 708. Plaintiff's Motion reflects precisely that type of prohibited re-litigation.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has not demonstrated any intervening change in controlling law, newly discovered evidence previously unavailable, or a clear error of law or manifest injustice warranting relief under Rule 59(e). Accordingly, Plaintiff's Motion to Reconsider the Court's June 25, 2025, Order (DE 90) is **DENIED**.

Plaintiff has also filed a Motion to Exceed Page Limits (DE 89). In the Court's discretion, and for the limited purpose of considering the Motion to Reconsider, the Motion to Exceed Page Limits is **GRANTED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Exceed Page Limits (DE 89) is **GRANTED**, and Plaintiff's Motion to Reconsider (DE 90) is **DENIED**.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 10, 2025